# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-3776

———————

| | |
|---|---|
| Harvey W. Spencer, Jr., | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Southern District of Iowa. |
| Herb Maschner, Warden (ISP), | * |
| | * **[UNPUBLISHED]** |
| Appellee. | * |

———————

Submitted: December 21, 1999
Filed: December 23, 1999

———————

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

An Iowa jury found Harvey W. Spencer guilty of two counts of first degree murder, and the Iowa Supreme Court affirmed his convictions on direct appeal. See State v. Spencer, No. 89-1763 (Iowa Jan. 23, 1991) (per curiam). Thereafter, the state courts denied Spencer's application for postconviction relief after an evidentiary hearing, see Spencer v. State, No. 95-1009 (Iowa Ct. App. Sept. 30, 1996), and he filed this 28 U.S.C. § 2254 habeas petition. After denying relief, the district court[1] granted

———————

[1]The HONORABLE CHARLES R. WOLLE, Chief Judge, United States District Court for the Southern District of Iowa.

Spencer a certificate of appealability as to a number of claims of ineffective assistance of trial counsel.  We deny Spencer's motion for oral argument.

Our review of the record convinces us that Spencer did not show he was prejudiced by trial counsel's decision to retain an allegedly tainted juror; his failure to move for a venue change; his failure to have opening statements and closing arguments recorded or object to allegedly improper remarks by the prosecutor; his strategic decisions not to challenge statements or evidence that supported the defense theory; and his failure to object to the jury instruction on malice aforethought.  See Strickland v. Washington, 466 U.S. 668, 693 (1984) ("ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice").

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.